-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
2007 OCT 22 PM 1: 40
U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

LISA S. COLLINS,

        Plaintiff,

    -v-

**DECISION AND ORDER**
07-CV-0458S(F)

OFFICER EMANUAL BANKS, Raligh Police Department,
STATE FARM INSURANCE CO.,
JULIA DUDDA, Head Assistance Enterprise Rental,
DANIEL T. SCAGLIONE, CLINT CUDD,
JAKE POPE, KAY CRAWFORD, and MEDICAL DAVID

        Defendants.

## INTRODUCTION

Plaintiff, Lisa Collins, has filed a complaint (Docket No. 2) and application to proceed *in forma pauperis* (Docket No. 2). Plaintiff's complaint is, at best, confusing and illogical, and, at worst, delusional. The basis of the complaint appears to be that in 2000 plaintiff purchased an automobile insurance policy from a State Farm Insurance Office located in Medina, New York, and that while she was in Raleigh, North Carolina, an unknown "Black assailant with bandana" fired an "almost fatal bullet" into the driver side of an automobile she had apparently rented from Enterprise Rental in North Carolina. The bullet lodged in her back and after returning to New York she put in a claim with State Farm and Enterprise Renal, which was denied.

The complaint also refers to such apparently unrelated items as a letter plaintiff received from Vice President Dick Cheney in relation to her father; and plaintiff's sister, a financial manager in North Carolina, who owned with her husband a chain of coffee shops in North Carolina and who now lives in the State of Washington.

Attached to the complaint, among other things, is a letter plaintiff forwarded to the North Carolina Bar Association which explains that plaintiff owned a 1989 automobile insured by State Farm in Medina, New York, which was stolen in North Carolina and damaged, but State Farm refused to pay her anything on her claim under an insurance policy;[1] a notice of claim against Erie County Medical Center alleging medical malpractice; reimbursement notices from New York State's Crime Victims Bureau for loss of cash and a lawn mower; and a notice from the Department of Veterans Affairs, dated February 27, 2007, regarding a benefits cost of living increase in 2005 and 2006.  What, if anything, these documents have to do with the allegations in the complaint is not clear to the Court.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1]The Court presumes this is the same automobile insurance policy referred to in the complaint but does not know if the automobile that a bullet was fired into and was damaged is the same automobile referred to in this letter or an automobile she had rented from Enterprise in North Carolina.

## **DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be

heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Although it is clear from plaintiff's complaint that she believes she was wronged in some way or denied payments under an insurance policy, it is impossible to determine from the papers the nature of plaintiff's claims or the involvement of some of the named defendants in the various claims alleged. Even assuming the Court had subject matter jurisdiction over the claims, whatever they may be, and personal jurisdiction over some or all of the defendants named in the complaint, the complaint would nonetheless need to be dismissed because it simply is frivolous.[2]

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources

---

[2]Plaintiff has filed recently three other actions in this Court *Collins v. Collins*, 07-CV-00439S; *Collins v. Bram, et al.*, 07-CV-00493S; and *Collins v. Kowalski et al.*, 07-CV-00509S. The first action, 07-CV-0439S, has been dismissed because the Court did not have subject matter jurisdiction over the claim alleged in the complaint. The other two are pending review under 28 U.S.C. § 1915(e)(2)(B).

> upon, baseless lawsuits that paying litigants generally
> do not initiate because of the costs of bringing suits and
> because of the threat of sanctions for bringing vexatious
> suits under Federal Rule of Civil Procedure 11.  To this
> end, the statute accords judges not only the authority to
> dismiss a claim based on an indisputably meritless legal
> theory, but also the unusual power to pierce the veil of
> the complaint's factual allegations and dismiss those
> claims whose factual contentions are clearly baseless.
> Examples of the former class are claims against which it
> is clear that the defendants are immune from suit ... and
> claims of infringement of a legal interest which clearly
> does not exist.... Examples of the latter class are claims
> describing fantastic or delusional scenarios, claims with
> which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently
> made *sua sponte* before the defendant has even been
> asked to file an answer, cannot serve as a factfinding
> process for the resolution of disputed facts. ... [A] court
> may dismiss a claim as factually frivolous only if the
> facts alleged are "clearly baseless," a category
> encompassing allegations that are "fanciful," "fantastic,"
> and "delusional."  As those words suggest, a finding of
> factual frivolousness is appropriate when the facts
> alleged rise to the level of the irrational or the wholly
> incredible, whether or not there are judicially noticeable
> facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833).

As summarized above, plaintiff's claims are the type of "fantastic" or "delusional" allegations that warrant dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous.  Moreover, while the usual practice is to allow leave to

replead a deficient complaint, see Fed.R.Civ.P. 15(a); see also *Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case. *See also Abbas*, 480 F.3d at 639 (citations omitted) (*pro se* plaintiff should be provided an opportunity to amend prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.").

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and the application for service by the U.S. Marshal is denied;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:  Oct. 19, 2007